**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:20-CV-00170-MR-DSC**

| | |
|---|---|
| **APRIL LEDFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILLIAM LEDFORD,** | ) |
| **DAMIN LEDFORD,** | ) |
| **JASON LEDFORD AND** | ) |
| **JARIN LEDFORD,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss Under Rules 12(b)(1) and 12(b)(5)" (document # 15) filed March 29, 2021.  This matter was reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on November 4, 2020. The Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be <u>granted</u> as discussed below.

## I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pro se Plaintiff April Ledford is a North Carolina resident. The dispute between the parties arose upon the death of her husband Bill Ledford in 2013. Defendants are Bill Ledford's son William Ledford and grandsons Jason, Damin and Jarin Ledford. Plaintiff is the stepmother

of Defendant William Ledford. All Defendants are members of the Eastern Band of Cherokee Indians (EBCI). Plaintiff is not.

Bill Ledford attempted to leave Plaintiff a life estate in the home they shared. The property at issue is part of the ECBI reserve. In a prior judicial proceeding before the Tribal Council of the EBCI, the Council invalidated the provision in Bill Ledford's will that granted the life estate. In a subsequent order, the Tribal Court evicted Plaintiff from the property.

Plaintiff claims that Defendants provided false testimony and engaged in other improper conduct that contributed to the Tribal Council's decision to invalidate the life estate provision in her husband's will. She seeks damages including the value of the life estate and other lost property. Plaintiff alleges subject matter jurisdiction based upon diversity of citizenship. She has pled that all Defendants are citizens of New Mexico.

Defendants have moved to dismiss for insufficient service of process, lack of complete diversity of citizenship, and failure to exhaust tribal remedies. Plaintiff has submitted multiple briefs in response to this Motion.

Defendants' motion is ripe for disposition.

## II.    ANALYSIS

### 1. Motion to Dismiss for Insufficient Service of Process

When sufficiency of service has been challenged, the plaintiff bears the burden of establishing that service of process was performed in accordance with the requirements of Fed. R. Civ. P. 4(e).  See Elkins v. Broome, 231 F.R.D. 273 (M.D.N.C.2003).  Additionally, Fed. R.

Civ. P. 4(m) requires that the plaintiff serve the summons and a copy of the complaint to each defendant in the action within ninety days after the complaint was filed.

Here, Plaintiff attempted to mail the summons and a copy of the complaint to William Ledford at an address where he has not lived since April of 2019 (document #16-1). She never attempted service on him again in the four months after she received notice of insufficient service. Plaintiff has failed to effect proper service on William Ledford. He did receive actual notice of the pending suit.

On similar facts, this Court held:

It appears that the Plaintiff failed to effectuate service according to the requirements of the federal rules, and these rules must be taken seriously. Nevertheless, as the Fourth Circuit has opined, "[i]n determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir.1963). Furthermore, the courts traditionally hold pleadings by pro se parties "to less stringent standards than formal pleadings drafted by lawyers..." Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, recognizing the Plaintiff's pro se status, while service appears to have been insufficient, the undersigned declines to recommend that this case be dismissed *solely on this basis*."

Colon v. Pencek, No. 3:07-CV-473-RJC, 2008 WL 4093694, at *3–4 (W.D.N.C. Aug. 28, 2008) (dismissing on other grounds).

The undersigned respectfully recommends that the Motion to Dismiss for insufficient service of process be denied.

2. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is a threshold issue for the Court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

A case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).

An individual is a citizen of the state in which he or she is domiciled. Johnson v. Advance Am., 549 F.3d 932, 937 n. 2 (4th Cir.2008). As stated in Schieszler v. Ferrum Coll.,

236 F. Supp. 2d 602, 612–13 (W.D. Va. 2002) (citing <u>C.I.R. v. Swent</u>, 155 F.2d 513, 515 (4th Cir.1946)), a person is domiciled "where [the] person has a fixed and permanent home to which he intends to return whenever he is absent therefrom." The court in <u>Bloom v. Library Corp.</u>, 112 F. Supp. 3d 498, 502 (N.D.W. Va. 2015) provides a non-exhaustive list of ways to prove domicile. These include where an individual has a driver's license, owns property, pays taxes, and works, among other factors. <u>Id</u>.

Jason Ledford provided a documented 28 U.S.C. §1746 declaration that he was domiciled in North Carolina at the time this action was filed (document #13-5). He lives at his year-round residence in North Carolina, pays taxes in North Carolina, has a North Carolina driver's license, and works in North Carolina. <u>Id.</u> Thus, Jason Ledford is a citizen of and domiciled in North Carolina and not New Mexico.

The non-diverse status of Jason Ledford and Plaintiff necessarily defeats diversity jurisdiction. <u>Grupo Dataflux v. Atlas Glob. Grp.</u>, L.P., 541 U.S. 567 (2004) (<u>citing Mollan v. Torrance</u>, 22 U.S. 537, 540(1824)); <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 506–07 (2006). The undersigned respectfully recommends that Defendants' Motion to Dismiss for lack of subject matter jurisdiction be <u>granted</u>.

   3.   **<u>Motion to Dismiss for Failure to Exhaust Tribal Remedies</u>**

In <u>National Farmers Union</u>, the Supreme Court recognized the exhaustion of tribal remedies rule. <u>See</u>, <u>Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians</u>, 471 U.S. 845 (1985). The Court held that the examination of a tribal court's ability to exercise civil-subject matter jurisdiction over non-Indians in certain disputes required careful examination that "should be conducted in the first instance in the Tribal Court itself." <u>Id.</u> at 856. The Court reasoned that

Congress' commitment to a policy of tribal self-government and self-determination "favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge." Id.

As later stated by the Supreme Court, "[a]t a minimum, exhaustion of tribal remedies requires that tribal appellate courts must have the opportunity to review determinations of lower tribal courts." Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 17 (1987). Until appellate review is complete, the Tribal Courts have not had a full opportunity to evaluate a claim and the federal courts should not intervene. Id. Although not a formal jurisdictional prerequisite, "[c]onsiderations of comity direct that tribal remedies be exhausted before the question [of federal jurisdiction] is addressed by the District Court." Id. at 15.

Allowing a Plaintiff to forego the available tribal remedies only to bring an action in this Court would be contrary to longstanding Federal public policy and infringe on the authority of Tribal Courts. As the Supreme Court has made clear,

> In diversity cases, as well as federal-question cases, unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs. Adjudication of such matters by any nontribal court also infringes upon tribal law-making authority, because tribal courts are best qualified to interpret and apply tribal law.

Id. at 16. The Court must apply this prudential doctrine here and decline to exercise its subject matter jurisdiction. See e.g., Bank One, N.A. v. Shumake, 281 F.3d 507, 515 (5th Cir. 2002) ("the policy which animates the tribal exhaustion doctrine, however, 'subordinates the federal court's obligation to exercise its jurisdiction to the greater policy of promoting tribal self-

government.' . . . tribal exhaustion is the rule rather than the exception."); <u>Auto Owners Ins. Co.</u> <u>v. Saunooke</u>, 54 F. Supp. 2d 585, 587 (W.D.N.C. 1999) (dismissing complaint due to lack of exhaustion of tribal remedies, stating "[o]bviously, this would be a construction of tribal law; indeed, it is hard to imagine an issue of greater construction of tribal law than the validity of its Code"); <u>Brown v. W. Sky Fin.</u>, LLC, 84 F. Supp. 3d 467, 477 (M.D.N.C. 2015) ("where applicable, this prudential doctrine has force whether or not an action actually is pending in a tribal court").

Plaintiff has not shown that this Court's exercise of jurisdiction would be proper. The same operative facts underlie the dispute in the instant case and the previous Tribal Court proceedings. She had the opportunity to challenge Tribal Council's decision on Bill Ledford's will under Cherokee Code § 117-40 and failed to properly do so (document #13-6). She also had the opportunity to appeal her eviction order from the Tribal Court to the Cherokee Supreme Court under Cherokee Code § 7-2(e) and failed to properly do so (document #13-7). The undersigned respectfully recommends that Defendants' Motion to Dismiss for failure to exhaust tribal remedies be <u>granted</u>.

### III.   ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV.    RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion to Dismiss Under Rules 12(b)(1) and 12(b)(5)" (document # 15) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

## V.    NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to pro se Plaintiff, to defense counsel, and to the Honorable Martin Reidinger.

Signed: May 19, 2021

**SO ORDERED**.

David S. Cayer
United States Magistrate Judge