# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:20-cv-00170-MR

APRIL LEDFORD,      )
     )
     Plaintiff,      )
     )
     vs.      )    <u>MEMORANDUM OF</u>
     )    <u>DECISION AND ORDER</u>
WILLIAM LEDFORD, JASON      )
LEDFORD, DAMIN LEDFORD, and      )
JARIN LEDFORD,      )
     )
     Defendants.      )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 15]; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] regarding the disposition of that Motion; the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 25]; the Plaintiff's Motion to Remove Defendant Jason Ledford [Doc. 26]; the Plaintiff's "Motion to Respond to Order and Request for Jury Trial" [Doc. 17]; and the "Plaintiff's Motion to Request a Jury Trial" [Doc. 21].

## I. PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable David S. Cayer, United States Magistrate

Judge, was designated to consider the Defendants' Motion to Dismiss and to submit a recommendation for its disposition.

On May 19, 2021, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion to Dismiss be granted and the Complaint be dismissed without prejudice. [Doc. 24]. Specifically, Judge Cayer recommended that the Defendant's Motion to Dismiss be granted and the claims dismissed based on lack of subject matter jurisdiction and on the tribal exhaustion doctrine. [Id. at 4-7]. Judge Cayer also recommended that the Motion to Dismiss based on insufficient service of process be denied. [Id. at 3]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed her Objection on June 2, 2021. [Doc. 25]. Also on June 2, 2021, the Plaintiff filed her Motion to Remove Defendant Jason Ledford. [Doc. 26]. The Defendants did not respond to either the Objection or the Motion to Remove Defendant Jason Ledford.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In

order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III.  DISCUSSION

### A.  Plaintiff's Objections to the Memorandum and Recommendation

The Plaintiff's Objections consist primarily of general assertions and statements of "facts" unsupported by any citations to the record. The Plaintiff's filing does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Such "objections" do not warrant a *de novo*

3

review of the Magistrate Judge's reasoning. Orpiano, 687 F.2d at 47; see also Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law regarding subject matter jurisdiction and the tribal exhaustion doctrine are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted on the grounds of lack of subject matter jurisdiction and on the tribal exhaustion doctrine.

Given that the Court will dismiss this action without prejudice based on lack of subject matter jurisdiction and the tribal exhaustion doctrine the Court does not reach the question of whether there was adequate service of process. Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n, 814 F.3d 221, 228 (4th Cir. 2016) (quoting Ex parte McCardle, 74 U.S. 506, 514, 19 L. Ed. 264 (1868)) ("Without jurisdiction the

4

court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

### B. The Plaintiff's Motion to Remove Defendant Ledford

Contemporaneously with the filing of her objections, the Plaintiff filed a Motion to Remove Defendant Jason Ledford as a defendant in order to create diversity jurisdiction. The Court interprets this as a motion to amend the complaint. Under Federal Rule of Civil Procedure Rule 15, "leave [to amend a complaint] shall be freely given when justice so requires." Fed. R. Civ. P.15(a). Such leave "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted) (emphasis in original). In this instance, because the Court accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted due to the tribal exhaustion doctrine, the Plaintiff's motion to amend in order to create diversity jurisdiction would be futile. The Plaintiff's Motion to Remove Defendant Jason Ledford, [Doc. 26], is, therefore, denied.

### C. The Plaintiff's Remaining Motions

Also pending are the Plaintiff's "Motion to Respond to Order and Request for Jury Trial" [Doc. 17] and the Plaintiff's Motion to Request a Jury Trial [Doc. 21]. Given that the Court has accepted the Magistrate Judge's recommendation that the case be dismissed without prejudice, these Motions are denied as moot. See Stop Reckless Econ. Instability Caused by Democrats, 814 F.3d at 228 (4th Cir. 2016).

### ORDER

IT IS, THEREFORE, ORDERED, that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 25] are **OVERRULED**; the Memorandum and Recommendation [Doc. 24] is **ACCEPTED** as stated; and the Defendants' Motion to Dismiss [Doc. 15] is **GRANTED**. The Complaint is hereby **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's Motion to Remove Defendant Jason Ledford [Doc. 26] is **DENIED.**

IT IS FURTHER ORDERED that the Plaintiff's "Motion to Respond to Order and Request for Jury Trial" [Doc. 17] is **DENIED AS MOOT.**

IT IS FURTHER ORDERED that the Plaintiff's Motion to Request a Jury Trial [Doc. 21] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to terminate this civil action.

**IT IS SO ORDERED.**

Signed: July 19, 2021

Martin Reidinger
Chief United States District Judge